## THE PEOPLE *v.* BOSCH.

APPEAL from the District Court of Ponce.

No. 56.—Decided May 2, 1904.

INFORMATION—WITNESSES.—The *Fiscal* must base his information upon the testimony of witnesses who have been examined before him under oath, and the circumstance that one of the witnesses for the prosecution may not have been examined in that manner is not sufficient to conclude that the other witnesses were not, the presumption being, in the absence of proof to the contrary, that the witnesses were examined under oath by the *Fiscal*.

APPEAL—EVIDENCE.—The Supreme Court will not consider any probatory element on appeal which has not been submitted for the consideration of the trial court.

The facts are stated in the opinion.

*Mr. Rossy (Manuel F.),* for appellant.

*Mr. del Toro, Fiscal,* for the People.

MR. JUSTICE MACLEARY delivered the following opinion of the court:

This is an appeal from a judgment of conviction rendered against the defendant by the District Court of Ponce, on the 4th day of May, 1903, by which the accused, Enrique Bosch, was found guilty of the crime of prohibited negotiations, defined in section 205 of the Political Code, and punished in accordance with section 86 of the Penal Code, and sentenced to pay a fine of two hundred dollars, which might be satisfied, in the event of its non-payment, in the jail at Ponce, by serving one day for each dollar, and that he should be forever incapacitated from exercising any public office, and to pay all the costs of the prosecution. From this judgment of the district court the defendant took an appeal to this Supreme Court, and his bond was fixed at one thousand dollars, pending the appeal.

During the progress of the trial the defendant filed to the accusation the following peremptory exception:

Al Honorable Tribunal de Justicia del Distrito.

"Enrique Bosch, acusado en causa criminal por el supuesto delito de negociaciones prohibidas ó ilícitas, ante V. A., respetuosamente, parezco asistido del Letrado que suscribe, y dice: Que habiéndosele concedido el término de cinco dias para contestar la acusación, pone reparos á la misma por el hecho y razón jurídica que sigue: Hecho: El Señor Fiscal en su acusación establece la presente en virtud del testimonio de testigos que han jurado los cargos ante él, y ciendo uno de dichos testigos la Señora Maude C. Hill, resulta que aquella afirmación del Fiscal no es exacta, pues que la firma de dicho funcionario no aparece en la declaración de la testigo.   Derecho. El acusado podrá poner reparos á la acusación cuando no se ajustare ella en su fondo á los requisitos establecidos en el artículo 72 (artículo 153 circunstancia 1ª de la Ley de Enjuiciamiento Criminal). Dicho artículo 72 exige que presente la acusación, tomando como base la declaración jurada ante el Fiscal, de los testigos.   Solicito hacer prueba de los hechos y suplico á V. H. se sirva oir las objeciones aducidas cuando tenga á bien, y dar lugar á la excepción."

Esta excepción fué discutida ante la Corte, pro y con, y fué desestimada; contra esta decisión de la Corte el abogado defensor del demandado reservó una excepción, con el fin de que la misma pudiera presentarse á este Tribunal. El demandado, en debida forma, interpuso recurso de apelación, el que fué admitido por la Corte de Distrito, y los autos fueron enviados debidamente al mismo.

No habiendo comparecido el abogado defensor del demandado en esta Corte, la causa fué sometida por alegato, y por argumento verbal del Fiscal, celebrándose el juicio de la misma en 20 de Abril, ante el Tribunal entero.

La acusación presentada por el Fiscal fué, en efecto, como sigue, á saber:

"En el nombre y por la autoridad del Pueblo de Puerto Rico. El Pueblo de Puerto Rico contra Enrique Bosch.—En la Corte de Distrito de Ponce á treinta y uno de Enero de mil novecientos tres. El Fiscal formula acusación contra Enrique Bosch por el delito de negociaciones ilegales comprendido en los articulos 86 y 94 del Código Penal, cometido como sigue: En el mes de Agosto de 1902, en el pueblo

"To the Honorable District Court of Justice:—

"Enrique Bosch, accused in a criminal case of the supposed crime of prohibited negotiations, respectfully appears before your honor, through the undersigned attorney, and states: That he having been conceded the period of five days to answer the information, makes objection to the same, for the following fact and judicial reason: Fact. The *Fiscal* in his information states that he presents the same in view of the testimony of witnesses sworn before him, and one of those witnesses being Mrs. Maude C. Hill, it is obvious that said statement of the *Fiscal* is not exact, as the signature of said official does not appear attached to the declaration of this witness.     Law.     The defendant may demur to the information, when it does not substantially conform to the requirements of section 72.     (Section 153 of the Code of Criminal Procedure.)     Said section 72 requires that the information presented contain the declaration of witnesses sworn before the *Fiscal.*     I beg to be allowed to introduce evidence to prove the facts alleged, and pray the honorable court to hear my objections at its convenience, and allow the exception."

This exception was argued before the court by counsel, pro and con, and overruled; to which ruling of the court defendant's counsel reserved an exception in order that the same might be presented to this court. The defendant properly took his appeal, which was admitted by the district court, and the record forwarded in proper form.

No attorney having appeared in this court on behalf of the appellant, the case was submitted on brief and oral argument by the *Fiscal,* and duly heard on the 20th of April, before the full bench.

The accusation presented by the *Fiscal* was in effect as follows, to wit:

"In the name and by the authority of the People of Porto Rico. The People of Porto Rico against Enrique Bosch. In the District Court of Ponce, on the thirty-first day of January, of the year of 1903.     The prosecuting attorney files an information against Enrique Bosch for the crime of illegal negotations, defined in sections 86 and 94 of the Penal Code, committed as fol-

de Adjuntas, Distrito Judicial de Ponce, Doña Pilar Rivera, viuda de Aparicio, que tenia alquilada una casa para escuela á la Junta Escolar de dicho pueblo, convino con Don Enrique Bosch, Secretario de dicha Junta, en recibir cien pesos; cincuenta en efectivo y cincuenta en un caballo, por la cesión que á dicho acusado hizo de su derecho á percibir los alquileres de los meses de Agosto, Septiembre, Octubre y Noviembre, ascendentes á sesenta dollars los dos primeros y cien los dos últimos, en total, ciento sesenta, entregándole al efecto los libramientos correspondientes á dichos meses con el correspondiente recibo firmado; operación que voluntaria é ilegalmente celebró dicho Bosch en contravención al artículo 205 del Código Político. Este hecho es contrario á la ley para tal caso prevista y á la Paz y dignidad del Pueblo de Puerto Rico. J. Tous, Fiscal de Distrito. La acusación que antecede está basada en el testimonio de testigos examinados por mí bajo juramento, creyendo solemnemente que existe justa causa para presentarla al Tribunal. J. Tous, Fiscal de Distrito.''

Por supuesto, la ley requiere que el Fiscal base su acusación sobre el testimonio de testigos que han sido debidamente juramentados ante él, pero aún si fuera el caso que la Señorita Maude C. Hill, una de los testigos, no habia sido juramentada, hay cuatro, además de ella, que fueron presentados, y que declararon en el juicio, los que probablemente fueron juramentados, según certifica el Fiscal y á falta de prueba en contrario es de presumirse que estos testigos declararon ante el Fiscal después de haber sido debidamente juramentados, y que la acusación fué basada en el testimonio de los mismos.

Por esta razón la providencia de la Corte de Distrito desestimando la objeción á la acusación fué correcta, y la acusación era suficiente. No se presentó otro argumento alguno, ni en la Corte Inferior, ni en esta Suprema, á favor del acusado, y un exámen cuidadoso de los autos no demuestra error material alguno. Los hechos de esta causa, que son incontestados, según fueron consignados por la Corte sentenciadora, son como sigue:

lows: In the month of August of the year 1902, in the town of Adjuntas, judicial district of Ponce, Doña Pilar Rivera, widow of Aparicio, who rented a house for school purposes to the school board of said town, agreed with Don Enrique Bosch, secretary of said board, to accept one hundred dollars, fifty in cash and fifty in the shape of a horse, in consideration of which she transferred her right to receive the rents for the months of August, September, October, and November, to the accused, amounting to sixty dollars for the first two months, and one hundred dollars for the last two months, aggregating one hundred and sixty dollars, delivering to him the orders corresponding to said months, together with the corresponding receipt duly signed; which transaction Bosch voluntarily and illegally carried out, in violation of section 205 of the Political Code. This act is contrary to the law for such cases provided, and against the peace and dignity of the People of Porto Rico.—J. Tous, Prosecuting Attorney for the District. The foregoing information is based upon the testimony of witnesses examined, under oath, by me, and I solemnly believe that there is just cause for the same to be presented to the court.—J. Tous, District Attorney."

Of course the law requires that the *Fiscal* shall base his information upon the testimony of witnesses who have been duly sworn before him, but even if it were the case that Maude C. Hill, one of the witnesses, was not duly sworn, there are four others who were introduced and testified upon the trial, who may have been duly sworn as certified to by the *Fiscal,* and in the absence of proof to the contrary the presumption will be indulged that these witnesses testified before the *Fiscal* after having been duly sworn, and that on their testimony the information was based.

For this reason the order of the district court overruling the objection to the information was correct, and the information itself was sufficient. There is no other argument presented either in the court below or in this court, in behalf of the accused, and a diligent review of the record discloses no material error. The facts of this case, which are undisputed, are briefly set forth by the trial court as follows:

"En el mes de Agosto de 1902, en el pueblo de Adjuntas, Distrito Judicial de Ponce, Doña Pilar Rivera viuda de Aparicio, que tenia alquilada una casa para escuela á la Junta Escolar de dicho pueblo, convino con Don Enrique Bosch, Secretario de dicha Junta, en recibir cien pesos; cincuenta en efectivo y cincuenta en un caballo, por la cesión que á dicho acusado hizo de su derecho á percibir los alquileres de los meses de Agosto, Septiembre, Octubre y Noviembre, ascendentes á sesenta dollars los dos primeros y cien de los dos últimos, en total ciento sesenta, entregándole al efecto los libramientos correspondientes á dichos meses con el correspondiente recibo firmado; operación que voluntaria é ilegalmente celebró dicho Bosch en contravención al Artículo 205 del Código Político."

Revisando todas las secciones de los Códigos que se refieren á este caso, á saber: Secciones 72, 153 y 347 del Código de Enjuiciamiento Criminal, sección 86 del Código Penal en conección con la 205 del Código Político, y aplicándolas á los hechos del caso, según están consignados en la sentencia de la Corte, es inevitable la conclusión que el demandado es culpable del delito del cual fué convicto, y debe castigarse.

El Letrado Don Manuel F. Rossy, en nombre del acusado, ha presentado á esta Corte Suprema una certificación con ánimo de exculpar á su defendido, pues tal documento no puede considerarse, por no formar parte de los que tuvo en cuenta el Tribunal de Ponce, al dictar el fallo recurrido.

Por las razones expuestas, y porque no aparece error alguno en los trámites, ni en la sentencia de la Corte Inferior, la sentencia en esta causa se confirma por la presente.

*Confirmada.*

Jueces concurrentes: Señores Presidente Quiñones, y Asociados, Hernández, Figueras y Sulzbacher.

"In the month of August of the year 1902, in the town of Adjuntas, judicial district of Ponce, Doña Pilar Rivera, widow of Aparicio, who rented a house for school purposes to the school board of said town, agreed with Don Enrique Bosch, secretary of said board, to accept one hundred dollars, fifty in cash, and fifty in the shape of a horse, in consideration of which she transferred her right to receive the rents for the months of August, September, October and November, to the accused, amounting to sixty dollars for the first two months and one hundred dollars for the last two months, aggregating one hundred and sixty dollars, together with the corresponding orders to said months, delivered to him the receipt duly signed; which transaction Bosch voluntarily and illegally carried out, in violation of section 205 of the Political Code."

Reviewing all the sections of the Codes which pertain to this case, to wit, sections 72, 153 and 347 of the Code of Criminal Procedure, section 86 of the Penal Code taken in connection with section 205 of the Political Code, and applying them to the facts of the case as proven and set forth in the judgment of the court, there is no escaping the conclusion that the defendant is guilty of the crime of which he was convicted, and his punishment should follow.

The lawyer, Mr. Manuel F. Rossy, in the name of the accused, has presented to this Supreme Court a certificate with a view to exculpating his client, but such document cannot be considered here, for the reason that it forms no part of those taken into account by the District Court of Ponce in rendering the judgment from which this appeal is taken.

For this reason, and because no error appears in the proceedings or in the judgment of the court below, the judgment in this case is hereby affirmed.

*Affirmed.*

Chief Justice Quiñones and Justices Hernández, Figueras and Sulzbacher concurred.